IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINION DEVELOPMENT GROUP, LLC., : |  |
| Plaintiff, : | FILE NO.: |
| vs. : |  |
| : | CIVIL ACTION |
| CINDY BEYERLEIN and : |  |
| BOENNING & SCATTERGOOD, : |  |
| : |  |
| Defendants : |  |

## COMPLAINT

1. Plaintiff, Dominion Development Group, LLC ("Dominion"), is a New Jersey Limited Liability Company legally doing business within the Commonwealth of Pennsylvania.

2. Defendant, Cindy Beyerlein, is an adult individual and an employee of Boenning & Scattergood with an address at 4 Tower Bridge, 200 Barr Harbor Drive, Suite 300, West Conshohocken, Pennsylvania, 19428-2979. At all times relevant herein, Cindy Beyerlein acted as an agent, employee and/or employee of Defendant, Boenning & Scattergood.

3. Defendant, Boenning & Scattergood, is a company focusing on independent securities, asset management and investment banking, providing individual, institutional, corporate, and municipal clients a full complement of financial services, including equity research, investment banking, public finance, asset management, as well as equity and fixed income, and sales and trading, which is located at 4 Tower Bridge, 200 Barr Harbor Drive, Suite 300, West Conshohocken, Pennsylvania, 19428-2979.

4. Timothy Markley is an adult individual with an address at 600 Flagstaff Road, Jim

Thorpe, Pennsylvania.

5. Lisa Lutterschmidt is an adult individual with an address at 600 Flagstaff Road, Jim Thorpe, Pennsylvania.

6. Timothy Markley and Lisa Lutterschmidt are the owners of Surreal Properties, Inc.

7. Surreal Properties, Inc. is a corporation legally doing business within the Commonwealth of Pennsylvania.

8. Surreal Property owns certain property known as the "Flagstaff Property", located at 600 Flagstaff Road, Jim Thorpe, Carbon County, Pennsylvania.

9. On December 16, 2006, Dominion Development Group, Timothy Markley, and Lisa Lutterschmidt formed and became limited partners in Flagstaff Resort Land Holdings, Ltd., a Pennsylvania Limited Partnership (hereinafter referred to as "FRLH") for the purpose of developing the subject Flagstaff Property.

10. FRLH's purpose has been to plan, design, build and sell condominium hotel units of a portion of the property owned by Surreal Properties, Inc., to construct a hotel on the property owned by Surreal Properties, Inc., and to conduct such other activities as may be necessary to promote the business of FRLH, with said collective activities being referred to as the "Project".

11. Dominion created, developed and/or coordinated the majority of the approvals and business plans for the project, including the plans for a Condominium-Hotel, a Destination Wellness Center, an Ariel Sky Tram, and motorized Zip-Launch attraction to be developed on the Flagstaff Property.

12. Other limited partners brought to the project by Dominion have invested substantial cash to buy into the Project and to fund the Development designs and approvals.

13. In May, 2013, Dominion was referred to Cindy Beyerlein for the purpose of procuring financing for the Project.

    a. In May 2013, a Meeting ("Meeting") took place at the Flagstaff Property between Larry Masi, as Managing Member of Dominion, and Tim Markley and Cindy Beyerlein.

    b. At the Meeting, Cindy Beyerlein represented that she was an agent of Boenning & Scattergood, and that Boenning & Scattergood was a large financial firm that had the capability to procure the funding for the Project. Ms. Beyerlein also represented that she had sources for grant money which she referred to as "free money" and that she had developers who would be interested in the Project.

    c. At the Meeting, Dominion and Markley, on behalf of Flagstaff, engaged the services of Defendants, Cindy Beyerlein and Boenning & Scattergood, for the purposes of seeking out investors and/or financiers willing to invest and/or loan money to the development of the Project in Jim Thorpe, Pennsylvania.

    d. Following the Meeting, Mr. Masi forwarded to Cindy Beyerlein a Comprehensive Confidential Project PDF Portfolio which contained approximately 200+ pages, including proprietary Business Plans for the Project and for its related ventures.

    e. Shortly thereafter, in approximately July 2013, Mr. Masi called Cindy Beyerlein with the hope of possibly meeting with her to get an update and to find out why he had not heard back from her. Cindy Beyerlein informed Mr. Masi that she was no longer going to be involved in the Project because it was not her "cup of tea."

15. Prior to and simultaneous with the time that Dominion and FRLH requested that Cindy Beyerlein, and Boenning & Scattergood look for financing for the project, Flagstaff had retained other companies and individuals to look for financing on their behalf. One specific lender source was Matthew Dean Financial, LLC, ("Matthew Dean") of Monmouth Junction, NJ.

    a. Matthew Dean was in direct negotiations with Fisher Enterprises, LLC for a $50,000,000.00 funding commitment for the Project.

    b. On April 26, 2013 Fisher Enterprises, Inc. issued a preliminary term sheet and a description of their funding program for the Flagstaff Project which contained an outline of terms for an equity funding commitment for the Project for $50,000,000.00 ("Fisher Funding Deal").

16. In July, 2013, Cindy Beyerlein indicated to Mr. Masi that she had stopped looking for financing for Dominion and Flagstaff and she began a course of action designed to harm the Flagstaff partnership by preventing the funding of the $50,000,000.00 in financing that Flagstaff had acquired.

    a. Cindy Beyerlein engaged in a pattern of activity that was deceptive, illegal, and unethical, which caused severe damages to Dominion, Larry Masi, and FRLH.

    b. Cindy Beyerlein had private calls and meetings with Timothy Markley, during which she advised Markley to take actions that were counterproductive and damaging to Dominion and FRLH.

    c. Cindy Beyerlein accompanied Tim Markley on a trip to visit Lisa Lutterschmidt, one of the key partners in FRLH – without Dominion's knowledge – wherein Cindy Beyerlein spoke negatively about Larry Masi and Dominion.

      d. Cindy Beyerlein interfered with the Partnership Activities of FRLH and Dominion.

      e. Cindy Beyerlein proposed alternative funding deals to Mr. Markley that involved Cindy Beyerlein and not Dominion.

17. Defendants, Cindy Beyerlein, and her employer, Boenning & Scattergood, had no privilege or justification for taking such action.

18. As a result of the actions of the defendants, namely Cindy Beyerlein and her employer Boenning & Scattergood, Dominion, Mr. Masi, and FRLH were severely damaged.

      a. Dominion and FRLH lost the fifty million dollars ($50,000,000.00) in financing they were in the process of acquiring through Fisher Enterprises.

      b. Dominion lost the opportunity to develop the property, to plan, design, build and sell condominium hotel units of a portion of the property owned by Surreal Properties, Inc., to construct a hotel on the property owned by Surreal Properties, Inc., and to conduct such other activities as may be necessary to promote the business of FRLH, including the plans for a Condominium-Hotel, a Destination Wellness Center, an Ariel Sky Tram, and motorized Zip-Launch attraction to be developed on the Flagstaff Property and related business activities with profits valued in excess of one billion dollars ($1,000,000,000.00).

**WHEREFORE**, plaintiff demands damages from the defendants in excess of fifty million dollars ($50,000,000.00).

**COUNT ONE**
**Tortious Interference With Prospective Economic Advantage**

19. Plaintiff incorporates the allegations made in averments 1 through 18 as though set

out at length herein.

20. A prospective contractual relationship existed between Matthew Dean and FRLH for Matthew Dean to provide fifty million dollars ($50,000,000.00) in funding to FRLH for the development of the Flagstaff property.

21. Defendants intended on harming Dominion by preventing the relationship between Matthew Dean and FRLH from occurring.

22. Defendants had no privilege or justification for their actions.

23. Dominion was damaged when FRLH lost its opportunity to receive the fifty million dollars ($50,000,000.00) from Matthew Dean and over one billion dollars ($1,000,000,000.00) in future profits.

**WHEREFORE**, plaintiff demands damages from the defendants in excess of fifty million dollars ($50,000,000.00).

## COUNT TWO
## INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACTUAL RELATIONSHIP

24. Plaintiff incorporates the allegations made in averments 1 through 23 as though set out at length herein.

25. A contractual relationship exists between Dominion and Timothy Markley.

26. Defendants intended on harming Dominion by interfering with the contractual relationship between Dominion and Timothy Markley.

27. Defendants have no privilege or justification for their actions.

28. The conduct of the Defendants resulted in Plaintiff losing fifty million dollars

($50,000,000.00) in financing and over one billion dollars ($1,000,000,000.00) in future profits.

**WHEREFORE**, plaintiff demands damages from the defendants in excess of fifty million dollars ($50,000,000.00).

4/29/2015

Respectfully Submitted,

PERRUCCI LAW CORPORATION

By: _____
Angelo M. Perrucci Jr., Esquire
Attorney for Plaintiff
825 Walnut Street
Easton, Pa. 18042
(610) 438-4562
PA Attorney I.D. No. 56546

## UNSWORN VERIFICATION

I, Larry Masi, Managing Member of Dominion Development Group, LLC, in the within-captioned court action, verify that the statements made in the foregoing pleading are true and correct to my best knowledge, information, and belief and I fully understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

Date:  March 23. 2015

_____
Larry Masi, President & Managing Member
Dominion Development Group, LLC