# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

DOMINION DEVELOPMENT GROUP, LLC,

    Plaintiff,

vs.

CINDY BEYERLEIN and BOENNING & SCATTERGOOD,

    Defendants.

No. 2:15-cv-00961-MEM

Related to Document No. 1

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**Submitted on behalf of Cindy Beyerlein**

**Counsel of Record for this Party:**

Robert O Lampl
PA I.D. #19809

David L. Fuchs
PA I.D. #205694

960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:
rlampl@lampllaw.com

AND

GEORGE P. CHADA
PA I.D. #85220

221 Summit Drive
Natrona Heights, PA 15065
(412) 370-8780 (phone)
(724) 295-4219 (facsimile)

**A JURY TRIAL IS DEMANDED**

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

DOMINION DEVELOPMENT GROUP, LLC,

    Plaintiff,

No. 2:15-cv-00961-MEM

vs.

CINDY BEYERLEIN and BOENNING & SCATTERGOOD,

    Defendants.

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**AND NOW**, the Defendant, Cindy Beyerlein, by her attorneys, Robert O Lampl, George P. Chada and David L. Fuchs, files the within Brief in Support of Motion to Dismiss Plaintiff's Complaint, as follows:

### I. Background

The Plaintiff initiated the within action on May 15, 2015, by filing a Complaint in Civil Action against the Defendants with this Honorable Court. No affidavit of service regarding the effectuation of service upon Cindy Beyerlein has been filed of record. However, Ms. Beyerlein's current employer was provided a copy of the Complaint on or about September 23, 2015.

The Complaint at issue raises two causes of action, both arising under Pennsylvania law. The first cause of action is for Tortious Interference with Prospective Economic Advantage. The second cause of action is for Intentional Interference with an Existing Contractual Relationship.

At its core, the Complaint essentially alleges that the Defendants interfered with a

financing opportunity for Flagstaff Resort Land Holdings, Ltd., which is a Pennsylvania Limited Partnership (hereinafter Flagstaff).  The Plaintiff in this action is a limited partner in Flagstaff.  For the reasons that follow, Defendant Beyerlein submits that the Complaint should be dismissed with prejudice.

II.     Argument

    a. **Plaintiff's Complaint fails to state a claim upon which relief can be granted.**

The Plaintiff claims to be a limited partner in Flagstaff, which is a Pennsylvania Limited Partnership.  *See Paragraph 9 of Complaint.*  Even if the averments of the Complaint are taken as true, Plaintiff concedes that Flagstaff was the entity that was seeking the financing commitment at issue herein, which loss thereof supposedly caused the damages sought by the Plaintiff in this lawsuit.

F.R.C.P. 17(a) requires that an action be prosecuted in the name of the real party in interest. The Plaintiff has the burden of establishing that it has the requisite standing to proceed with this litigation.  *Winer Family Truste v. Queen*, 503 F.3d 319, 327 (3rd Cir. 2006); *citing Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 291 (3rd Cir. 2005); *see also Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3rd Cir. 2003).  Standing requires (1) an injury in fact, which is an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable decision.  *Id.*

In *Winer*, the Third Circuit, in dealing with a shareholder suit, determined that a shareholder may only bring a direct claim where the injury is to the shareholder individually.  *Id.* at 338; *citing Davis v. United States Gypsum Co.,* 451 F.2d 659, 662

3

(3rd Cir. 1971); *see also Hill v. Ofalt,* 85 A.3d. 540 (Pa. Super. 2013). While the *Winer* case involved shareholders bringing claims belonging to the corporation, the same analysis is required when it is a limited partner brings a claim on behalf of a partnership. 15 Pa. C.S. §8591 states:

> A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed. The derivative action may not be maintained if it appears that the plaintiff cannot fairly and adequately represent the interests of the limited partners in enforcing the rights of the partnership.

Based upon the foregoing, it is clear that in Pennsylvania, a limited partner does not have standing to bring a claim on behalf of the partnership. The case of *Weston v. Northampton Personal Care, Inc.,* 62 A.3d 947 (Pa. Super. 2013) is instructive on this issue. In that case, the Superior Court of Pennsylvania stated:

> When a limited partner alleges wrongs to the limited partnership that indirectly damaged a limited partner by rendering his contribution or interest in the limited partnership valueless, the limited partner is required to bring his claim derivatively on behalf of the partnership. [Further,]
>
> [A] limited partner's power to vindicate a wrong done to the limited partnership and to enforce redress for the loss or diminution in value to his interest is no greater than that of a stockholder of a corporation. As a general proposition, where a corporation suffers loss because of the acts of officers, directors, or others which diminish or render valueless the shares of stock of a stockholder, the stockholder does not have a direct cause of action for such damages, but has a derivative cause of action on behalf of the corporation to recover the loss for the benefit of the corporation.

*Id.* at 957-958; *quoting Kenworthy v. Hargove,* 855 F. Supp. 101 (E.D. Pa. 1994).

In the present case, the only harm alleged is to Flagstaff for allegedly not obtaining the financing it sought. As such, Plaintiff lacks standing as a limited partner to pursue the claim, and the Complaint must be dismissed, as the Court cannot award the

4

Plaintiff damages for an injury that was allegedly incurred by the partnership to which the Plaintiff belongs.

### b. Plaintiff failed to join a required party.

In addition to the Plaintiff not having standing to pursue this matter, the Plaintiff has failed to join a required party. F.R.C.P. 19 states in relevant part:

> (a) Persons Required to be Joined if Feasible.
>
> > (1) **Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> > >
> > > **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > >
> > > > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> > > >
> > > > **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In the present case, it is clear that the action pending before the Court concerns claims that belong to Flagstaff, or at a minimum, Flagstaff's interest in those claims will be impaired by their failure to be joined. As such, pursuant to F.R.C.P. 12(b)(7), this action should be dismissed because an essential party is absent.

### c. Defendant Beyerlein was not properly served and the Statute of Limitations has since expired.

As set forth above, this action was commenced by the Plaintiff on on May 15, 2015. Pursuant to F.R.C.P. 4(m), the Plaintiff had 120 days to serve the Complaint and Summons on the Defendant, which time period expired on September 12, 2015.

However, since September 12, 2015 was a weekend, the time to serve was extended by the Rules of Civil Procedure to September 14, 2015.  Nonetheless, the Summons and Complaint was not served within that time period.  In fact, the Complaint was not served until September 23, 2015, when Defendant Beyerelien's current employer was provided with a copy of the Complaint.  Beyerlein was neither present at that time nor was she ever personally served.

F.R.C.P. 4(e) sets forth the manner in which service is to be made on individuals residing within a Judicial District of the United States.  To that end, the rule permits service by any process provided for by the laws of the state in which the district court is located, by delivering a copy of the summons and complaint to the individual personally, by leaving a copy of the complaint and summons with a responsible individual at the defendant's residence or by delivering a copy to the authorized agent for that individual.  There is no provision in the rules which permit service upon an individual's employer.  This issue was addressed by the Pennsylvania Supreme Court in the case of *Sharp v. Valley Forge Medical Center & Heart Hospital, Inc.* 221 A.2d 185 (Pa. 1966).  In that case the Court observed that there is no provision for substituted service at a defendant's place of employment.  *Id.*  As such, the Plaintiff has failed to properly serve Beyerlien within the 120 days required under the rule.

Furthermore, the statute of limitations period for the claims has also expired.  The Plaintiff's Complaint alleges that the acts complained of purportedly occurred between May 2013 and July 2013.  *See paragraphs 12(a) and (b) of the Complaint.*  The statute of limitations period for Plaintiff's tortious interference and intentional interference claims is 2 years.  *See 42 Pa. C.S. §5524(7).*  Given that the limitations period for the claims

asserted by the Plaintiff expired without obtaining service on Defendant Beyerlein, and that the summons itself has expired, Plaintiff's claims against Defendant Beyerlein should be dismissed with prejudice. This result is consistent with applicable Third Circuit precedent. In *Green v. Humphrey Elevator and Truck Co.,* the Third Circuit noted that F.R.C.P. 4(j) requires dismissal without prejudice when service of the summons and complaint is not made within 120 days from the filing of the complaint. 816 F.2d 877, fn 4 (3rd Cir. 1987). Furthermore, the Court stated that it is the Diversity Plaintiff's obligation to see to it that the summons is served within the applicable statute of limitations. *Id., see also Leger v. Ohio Barge Lines, Inc.*, 38 Fed. R. Serv. 1233 (W.D. Pa. 1984)("Obviously, the effect of a dismissal without prejudice where the statute of limitations has run is the same as dismissal with prejudice: it bars a subsequent action"). Since the Plaintiff in the within action has failed to serve the summons before it expired, and the applicable statute of limitations has also expired, the Plaintiff's claims against Defendant Beyerlein should be dismissed with prejudice.

    WHEREFORE, Defendant Beyerlein respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,


*/s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809

DAVID L. FUCHS
PA I.D. #205694

960 Penn Avenue
Suite 1200
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
rlampl@lampllaw.com

GEORGE P. CHADA
PA I.D. #85220

221 Summit Drive
Natrona Heights, PA 15065
(412) 370-8780 (phone)

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

**DOMINION DEVELOPMENT GROUP, LLC,**

    Plaintiff,

vs.

**CINDY BEYERLEIN and BOENNING & SCATTERGOOD,**

    Defendants.

No. 2:15-cv-00961-MEM

## **CERTIFICATE OF SERVICE**

I, Robert O Lampl, hereby certify that on the 26th day of October, 2015, a true and correct copy of the within **Brief in Support of Motion to Dismiss Plaintiff's Complaint** was served upon Counsel for the Parties, by E-mail, addressed as follows:

Angelo M. Perrucci
Perrucci Law Corporation
2202 Northampton Street
Easton, PA 18042
610-438-4562
Email: perruccilaw@rcn.com

John F. Stoviak
Saul, Ewing LLP
1500 Market Street
3800 Centre Square West
Philadelphia, PA 19102
Email: jstoviak@saul.com

Nicholas V. Fox
Saul Ewing LLP
2 N. Second Street
7th Floor
Harrisburg, PA 17101
Email: nfox@saul.com

*/s/ Robert O Lampl*
Robert O Lampl