IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINION DEVELOPMENT GROUP, LLC., | : | FILE NO.: 3:15-cv-00961-MEM |
| Plaintiff, | : | |
| vs. | : | (The Honorable Malachy E. Mannion) |
| | : | |
| CINDY BEYERLEIN and | : | CIVIL ACTION |
| BOENNING & SCATTERGOOD, | : | |
| | : | Electronically Filed |
| Defendants | : | |

## SECOND AMENDED COMPLAINT AND JURY DEMAND

1. Plaintiff, Dominion Development Group, LLC ("Dominion"), is a New Jersey Limited Liability Company legally doing business within the Commonwealth of Pennsylvania and is an initial partner in Flagstaff Resort Hotel, LLC and a limited partner in Flagstaff Resort Land Holdings, Ltd.

2. Larry Masi is an adult individual and the owner of Dominion Development Group, LLC and resides at 476 Delaware Avenue, Egg Harbor Township, NJ, 08234.

3. Defendant, Cindy Beyerlein, is an adult individual who was an employee of Boenning & Scattergood at the time of the actions complained herein and resides at 204 Cobblestone Lane, Lancaster, PA, 17601. At all times relevant herein, Cindy Beyerlein acted as an agent, employee and/or employee of Defendant, Boenning & Scattergood.

4. Defendant, Boenning & Scattergood, is a company focusing on independent securities, asset management and investment banking, providing individual, institutional, corporate, and municipal clients a full complement of financial services, including equity

research, investment banking, public finance, asset management, as well as equity and fixed income, and sales and trading, which is located at 4 Tower Bridge, 200 Barr Harbor Drive, Suite 300, West Conshohocken, Pennsylvania, 19428-2979.

5. Steve Mercer is an adult individual and limited partner in Flagstaff Resort Land Holdings, LTD (FLRH) and resides at 46 E. Vernon Avenue, Northfield, New Jersey, 08225.

6. Dr. Wilford Conn was an adult individual and limited partner in FRLH and resided at 502 Sun Pine Road, Mays Landing, New Jersey, 08330. Dr. Conn is recently deceased.

7. Brian Wheaton is an adult individual and limited partner in FRLH and resides at 131 Morton Avenue, Millville, New Jersey, 08332.

8. John Della Vecchia is an adult individual and limited partner in FRLH and resides at 6693 Weymouth Road, Mays Landing, New Jersey, 08330.

9. Timothy Markley is an adult individual with an address at 600 Flagstaff Road, Jim Thorpe, Pennsylvania, 18229.

10. Lisa Lutterschmidt is an adult individual with an address at 625 Springhouse Road, Apartment K, Allentown, Pennsylvania, 18104.

11. Timothy Markley and Lisa Lutterschmidt are the owners of Surreal Properties, Inc.

12. Surreal Properties, Inc. is a corporation legally doing business within the Commonwealth of Pennsylvania.

13. Surreal Property owns certain property known as the "Flagstaff Property", located at 600 Flagstaff Road, Jim Thorpe, Pennsylvania.

14. In June, 2006 Timothy Markley and Dominion Development Group LLC entered into an operating agreement with respect to Flagstaff Resort Hotel, LLC.

15. The purpose of Flagstaff Resort Hotel, LLC's operating agreement relevant to this action was to act as general partner to FLRH.

16. On December 16, 2006, Flagstaff Resort Hotel, LLC entered into an agreement of limited partnership with Dominion Development Group, Timothy Markley, Lisa Lutterschmidt, Steve Mercer, Dr. Wilford Conn, Brian Wheaton, John Della Vecchia and formed Flagstaff Resort Land Holdings, Ltd., a Pennsylvania Limited Partnership (hereinafter referred to as "FRLH") for the purpose of developing the subject Flagstaff Property.

17. The December 16, 2006 agreement named Flagstaff Resort Hotel as general partner, and Markley, Lutterschmidt, Steve Mercer, Dr. Wilford Conn, Brian Wheaton, and Dominion as limited partners.

18. This Court has jurisdiction of this matter, as the Plaintiff is a New Jersey Limited Liability Company, and Defendants are a Pennsylvania business entity (Boenning and Scattergood) and a Pennsylvania resident (Cindy Beyerlein) which creates diversity of citizenship, and the amount of monetary damages in question exceed Seventy-Five Thousand ($75,000.00) Dollars (damages to Dominion are in excess of Ten Million ($10,000,000.00) Dollars).

19. FRLH's purpose has been to plan, design, build and sell condominium hotel units of a portion of the property owned by Surreal Properties, Inc., to construct a hotel on the property owned by Surreal Properties, Inc., and to conduct such other activities as may be necessary to promote the business of FRLH, with said collective activities being referred to as the "Project".

20. Dominion created, developed and/or coordinated the majority of the approvals and business plans for the project, including the plans for a Condominium-Hotel, a Destination

3

Wellness Center, an Ariel Sky Tram, and motorized Zip-Launch attraction to be developed on the Flagstaff Property. Dominion was the driving force behind the management of the Project and foresaw an opportunity to realize over Ten Million ($10,000,000.00) Dollars from what it projected in Project profits.

21. Other limited partners brought to the project by Dominion have invested substantial cash to buy into the Project and to fund the Development designs and approvals.

22. In May, 2013, Dominion was referred to Cindy Beyerlein for the purpose of procuring financing for the Project.

    a. In May 2013, a meeting ("Meeting") took place at the Flagstaff Property between Larry Masi (owner of Dominion), Tim Markley and Cindy Beyerlein.

    b. At the Meeting, Cindy Beyerlein represented that she was an agent of Boenning & Scattergood, and that Boenning & Scattergood was a large financial firm that had the capability to procure the funding for the Project. Ms. Beyerlein also represented that she had sources for grant money which she referred to as "free money" and that she had developers who would be interested in the Project.

    c. At the Meeting, Dominion and Markley, on behalf of Flagstaff, engaged the services of Defendants, Cindy Beyerlein and Boenning & Scattergood, for the purposes of seeking out investors and/or financiers willing to invest and/or loan money to the development of the Project in Jim Thorpe, Pennsylvania.

    d. Following the Meeting, Mr. Masi forwarded to Cindy Beyerlein a Comprehensive Confidential Project PDF Portfolio which contained approximately 200+ pages, including proprietary Business Plans for the Project and for its related ventures.

4

e. Shortly thereafter, in approximately July 2013, Mr. Masi called Cindy Beyerlein with the hope of possibly meeting with her to get an update and to find out why he had not heard back from her. Cindy Beyerlein informed Mr. Masi that she was no longer going to be involved in the Project because it was not her "cup of tea."

23. Prior to and simultaneous with the time that Dominion requested that Cindy Beyerlein and Boenning & Scattergood look for financing for the project, Dominion had retained other companies and individuals to look for financing on the Project's behalf. One specific lender source was Matthew Dean Financial, LLC, ("Matthew Dean") of Monmouth Junction, New Jersey.

a. Matthew Dean was in direct negotiations with Fisher Enterprises, LLC for a Fifty Million ($50,000,000.00) Dollar funding commitment for the Project.

b. On April 26, 2013 Fisher Enterprises, Inc. issued a preliminary term sheet and a description of their funding program for the Project which contained an outline of terms for an equity funding commitment for the Project for Fifty Million ($50,000,000.00) Dollars ("Fisher Funding Deal").

24. In July, 2013 Cindy Beyerlein indicated to Mr. Masi that she had stopped looking for financing for the Project. In fact, it was at this time - unbeknownst to Mr. Masi - that she began a course of action designed to intentionally harm Dominion by cutting Dominion out of the Project.

25. Beyerlein intentionally harmed Dominion by seeking out alternative deals that excluded Dominion and by encouraging Timothy Markley to refrain from signing any funding offers that included Dominion.

26. As a result of Beyerlein's actions, the Project lost the Fisher Funding Deal it had acquired to the detriment of Dominion:

    a. Cindy Beyerlein engaged in a pattern of activity that was intentionally deceptive, illegal, and unethical, which caused severe damages to Dominion.

    b. Cindy Beyerlein had private calls and meetings with Timothy Markley, during which she advised Markley to take actions that were counterproductive and intentionally damaging to Dominion.

    c. Cindy Beyerlein accompanied Tim Markley on a trip to visit Lisa Lutterschmidt, – without Dominion's knowledge – wherein Cindy Beyerlein spoke negatively about Larry Masi and Dominion.

    d. Cindy Beyerlein intentionally interfered with the Partnership Activities of Dominion.

    e. Cindy Beyerlein proposed alternative funding deals to Mr. Markley that involved Cindy Beyerlein and excluded Dominion.

27. Defendants, Cindy Beyerlein, and her employer, Boenning & Scattergood, had no privilege or justification for taking such action.

28. As a result of the actions of the defendants, namely Cindy Beyerlein and her employer Boenning & Scattergood, Dominion was severely damaged.

    a. The Defendants intentionally harmed Dominion by preventing Dominion from being a part of the Fisher Funding Deal that was to provide Fifty Million ($50,000,000.00) Dollars in financing for the Project to the detriment of Dominion.

b. The Defendants successfully intentionally harmed Dominion by preventing financing for the Project to develop the property, to plan, design, build and sell condominium hotel units of a portion of the property owned by Surreal Properties, Inc., to construct a hotel on the property owned by Surreal Properties, Inc., and to conduct such other activities as may be necessary to promote the Project, including the plans for a Condominium-Hotel, a Destination Wellness Center, an Ariel Sky Tram, and motorized Zip-Launch attraction to be developed on the Flagstaff Property and related business activities with profits valued in excess of One Billion ($1,000,000,000.00) Dollars specifically due to the defendants' actions to exclude Dominion.

## COUNT ONE
### Tortious Interference With Prospective Economic Advantage

29. Plaintiff incorporates the allegations made in averments 1 through 28 as though set out at length herein.

30. A prospective contractual relationship existed between Matthew Dean and FRLH for Matthew Dean to provide Fifty Million ($50,000,000.00) Dollars in funding to FRLH for the development of the Flagstaff property.

31. Defendants intended on harming Dominion by preventing any financing deal to occur for the Project that included Dominion, while seeking financing from other sources for the Project that specifically excluded Dominion.

32. Defendants had no privilege or justification for their actions.

33. Dominion was damaged when the Project lost its opportunity to receive the Fifty Million ($50,000,000.00) Dollars from Matthew Dean and over One Billion ($1,000,000,000.00) Dollars in future profits.

**WHEREFORE**, plaintiff Dominion demands damages from the defendants in excess of Ten Million ($10,000,000.00) Dollars.

## COUNT TWO
### Intentional Interference With An Existing Contractual Relationship

34. Plaintiffs incorporate the allegations made in averments 1 through 33 as though set out at length herein.

35. A contractual relationship exists between Dominion and Timothy Markley.

36. Defendants intended on harming Dominion by interfering with the contractual relationship between Dominion and Timothy Markley.

37. Defendants have no privilege or justification for their actions.

38. The conduct of the Defendants resulted in the Project losing Fifty Million ($50,000,000.00) Dollars in financing and over One Billion ($1,000,000,000.00) Dollars in future profits to the detriment of Dominion.

**WHEREFORE**, plaintiff Dominion demands damages from the defendants in excess of Ten Million ($10,000,000.00) Dollars.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on issues so triable.

RESPECTFULLY SUBMITTED,

ATTORNEYS FOR PLAINTIFF

April 6, 2016      By:      /S/ Angelo M. Perrucci, Jr.
Angelo M. Perrucci Jr., Esquire
825 Walnut Street
Easton, PA 18042
(610) 438-4562 phone
(610) 438-4985 fax
perruccilaw@rcn.com
PA Attorney ID No. 56546

By:      /S/ Jeffrey S. Katz
Jeffrey S. Katz, Esquire
52 Trinity Street
Newton, NJ 07860
973-383-5001 phone
973-579-7787 fax
katzman53@yahoo.com
PA Attorney ID No. 29310

## UNSWORN VERIFICATION

I, Larry Masi, Managing Member of Dominion Development Group, LLC, in the within-captioned court action, verify that the statements made in the foregoing pleading are true and correct to my best knowledge, information, and belief and I fully understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

Date: April 5, 2016

Larry Masi, President & Managing Member
Dominion Development Group, LLC