

John F. Stoviak
Phone: (215) 972-1095
Fax: (215) 972-1921
jstoviak@saul.com
www.saul.com

December 8, 2016

<u>**VIA ECF SYSTEM**</u>
Honorable Malachy E. Mannion
United States District Court
Middle District of Pennsylvania
United States Courthouse
William J. Nealon Federal Building
235 N. Washington Ave. | Room 415
Scranton, Pennsylvania 18503

  **Re:** ***Dominion Development Group, LLC v. Beyerlein et al.***
    ***Case No. 3:15-cv-00961-MEM***

Dear Judge Mannion:

  As Your Honor may recall, the Court conducted a Settlement Conference on October 21, 2016 at which time the Parties agreed to dismiss their respective claims, with prejudice, and with no exchange of money. By Order dated October 21, 2016, (Doc. 101), the Court afforded the Parties sixty (60) days to consummate a written settlement agreement consistent with the settlement reached before the Court on October 21. At the Settlement Conference it was determined that counsel for Defendant Boenning & Scattergood ("Boenning") would take the initiative to draft the Settlement Agreement for comment by Plaintiff Dominion Development Group ("Dominion") and Defendant Cindy Beyerlein ("Beyerlein"). (Tr. 4:25-5:4). As set forth below in more detail, counsel for all of the parties have approved a final Settlement Agreement, but Plaintiff Dominion and its principal, Larry Masi ("Mr. Masi"), have failed to provide a signature page despite multiple requests to do so. We, therefore, respectfully request that the Court order Dominion and Mr. Masi to execute the Settlement Agreement and sanction Dominion and Mr. Masi for their unnecessary delays in providing a signature page by ordering them to pay my client for the attorneys' fees incurred in attempting to get a signature page from Dominion and Mr. Masi.

  Progress on drafting the Settlement Agreement consistent with terms of the settlement reached on October 21, 2016 proceeded swiftly following the Settlement Conference. The

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

DELAWARE   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

December 8, 2016
Page 2

undersigned counsel for Boenning circulated a Settlement Agreement on October 27, 2016 and Dominion approved the language of the Settlement Agreement one day later on October 28, 2016.

After Dominion consented to the Settlement Agreement on October 28, 2016, several weeks were consumed in negotiating edits proposed by Beyerlein and her counsel. This work has concluded, and on November 23, 2016, Beyerlein and her counsel consented to the Settlement Agreement.   Beyerlein executed the Settlement Agreement on November 28, 2016—a development that was communicated to Dominion's counsel that same day. Because Dominion had previously agreed to the Settlement Agreement, all that was left to do to finalize the settlement was the receipt of Dominion's signed copy of the Settlement Agreement. *Since November 28, 2016*, Dominion and its principal, Mr. Masi, have withheld their signature of the Settlement Agreement, and therefore are unnecessarily delaying the closure of this case. Boenning's counsel has repeatedly contacted Dominion's counsel by telephone and email, requesting on each occasion that Dominion return an executed copy of the Settlement Agreement.

After failed telephonic and email efforts to obtain Dominion and Masi's signature to the Settlement Agreement, counsel for Boenning now seeks the intervention of the Court to stop the obstructionist tactics being used by Dominion and Mr. Masi, to undermine the settlement reached on October 21, 2016.  We respectfully request that the Court order Dominion and Masi to execute the Settlement Agreement in its final form attached hereto as Attachment 1 which is consistent with the terms of the settlement reached on October 21, 2016 as reflected in the Transcript of Proceedings – Settlement of October 21, 2016 (which is Exhibit A to Attachment 1).

"Where it is found that there is an agreement to settle a lawsuit, voluntarily entered into, it is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." Riviello v. First Nat. Cmty. Bank, CIV.A. 3:10-2347, 2013 WL 1348259, at *2 (M.D. Pa. Apr. 3, 2013) (Mannion, J.).  In this instance, the Parties voluntarily entered into an unconditional agreement to settle the case, before the presence of the Court. Notably, the Parties consumed a great deal of the Court's time in negotiating and clarifying the precise terms of the agreement to settle.  The Court's Order of October 21, 2016 acknowledges this reality.  (Doc. 101) ("After a lengthy settlement conference, the parties have come to an agreement to resolve and settle.").  No aspects of any Party's acceptance was ambiguous, and a meeting of the minds involving all Parties is undeniable.  The standards set forth previously by this Court for enforceability of a settlement agreement have been satisfied.

December 8, 2016
Page 3

The conduct of Dominion and Mr. Masi in attempting to unnecessarily delay the conclusion of this lawsuit is unwarranted and sanctionable.  Boenning respectfully requests that the Court impose sanctions upon Dominion and Mr. Masi pursuant to Fed. R. Civ. P. 16(f)(1)(C) and M.D. Pa. LR 83.3, for violating an Order of Court and assess costs against the same, including the attorneys' fees incurred by Boenning to prepare this letter and draft the Settlement Agreement.

The undersigned respectfully requests a telephonic conference with the Court to discuss the issues raised herein.

Respectfully submitted,

John F. Stoviak
*Counsel for Defendant*
*Boenning & Scattergood*

JFS/nvf

Enclosures

c:    Angelo M. Perrucci, Jr., Esq. – *counsel for Plaintiff*
      Jeffrey S. Katz, Esq. – *counsel for Plaintiff*
      George P. Chada, Esq. – *counsel for Defendant Beyerlein*
      Robert O. Lampl, Esq. – *counsel for Defendant Beyerlein*
      David L. Fuchs, Esq. – *counsel for Defendant Beyerlein*

# Attachment 1

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Agreement") is made and entered into by and between Dominion Development Group, LLC ("Dominion") and its principal and owner/shareholder, Larry Masi ("Masi"), Cindy Beyerlein ("Beyerlein"), and Boenning & Scattergood Inc. ("Boenning") (referred to jointly as the "Parties").  The Parties, intending to be legally bound hereby, agree as follows:

WHEREAS, Dominion acting through its principal, Masi, initiated a lawsuit by filing a Complaint in the United States District Court for the Middle District of Pennsylvania on May 15, 2015, naming as defendants, Beyerlein and Boenning, and alleging tort claims for tortious interference with prospective economic advantage, and intentional interference with an existing contractual relationship.

WHEREAS, the Complaint was assigned to United States District Judge Malachy E. Mannion, and is docketed at No. 3:15-cv-00961-MEM.

WHEREAS, Boenning filed an Answer with Affirmative Defenses and Crossclaims against Beyerlein on September 3, 2015.

WHEREAS, Beyerlein filed a Motion to Dismiss the Complaint on October 26, 2015.

WHEREAS, Dominion filed its first Amended Complaint on January 26, 2016, wherein Dominion attempted to bring its claims derivatively on behalf of Flagstaff Resort Land Holdings, Ltd.

WHEREAS, Beyerlein filed a Motion to Dismiss the Amended Complaint on February 1, 2016, and Boenning filed a Motion to Dismiss the Amended Complaint on February 10, 2016.

WHEREAS, Dominion filed its Second Amended Complaint on April 7, 2016.

WHEREAS, Boenning filed a Motion to Dismiss the Second Amended Complaint on April 12, 2016, and Beyerlein filed a Motion to Dismiss the Second Amended Complaint on April 22, 2016.

WHEREAS, the Complaint, the Amended Complaint, the Second Amended Complaint, and the foregoing answers, motions to dismiss, and cross-claims are collectively referred to as "the Lawsuit."

WHEREAS, fact discovery has been substantially completed, including depositions of seventeen (17) fact witnesses.

WHEREAS, both Dominion and Boenning have prepared and tendered expert reports on the issue of damages.

WHEREAS, the Court by Order dated October 18, 2016, scheduled a settlement conference for October 21, 2016.

WHEREAS, as the result of the settlement conference, the Court issued an Order on October 21, 2016 dismissing the case with prejudice, and imposing a deadline of 60 days for consummating settlement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in and for the promises and agreements set forth herein, the Parties, intending to be legally bound hereby, agree as follows:

1.     <u>Dismissal of the Lawsuit and All Claims</u>:  The Parties agree to dismissal of the Lawsuit with prejudice, including all claims asserted or which could have been asserted by each Party or their respective principals, partners, directors, officers,

members, shareholders, employees, subsidiaries, affiliates, predecessors, heirs, successors, or assigns. Immediately upon execution of this Agreement by all Parties, the Parties shall file a stipulation of dismissal, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) in the form set forth in Exhibit B hereto.

2.      Release of Claims by Masi and Dominion:  Masi and Dominion and all of their respective current and former principals, partners, directors, officers, members, shareholders, employees, subsidiaries, affiliates, predecessors, heirs, successors, or assigns, remise and forever discharge: (1) Beyerlein, individually and in her capacity as a former employee of Boenning, and her representatives, heirs, successors, and assigns (the Beyerlein Releasees") and (2) Boenning, and all of its current and former principals, partners, directors, officers, members, shareholders, employees, parents, subsidiaries, affiliates, predecessors, heirs, successors, assigns, representatives, and any other persons acting on their behalf ("the Boenning Releasees"), from each, any and every claim, action, cause of action, demand, or liability, whether in law or equity, whether arising in contract or in tort, or damages of any kind or any other kind of relief, or of any character or description, costs, expenses, attorneys' fees, compensation, consequential damages, or any other thing whatsoever presently known or unknown, arising out of, in connection with, or directly or indirectly related to the subject matter of Lawsuit and any claims made or which could have been made by Masi or Dominion against the Beyerlein Releasees or the Boenning Releasees in the Lawsuit.

3.      Release of Claims by Beyerlein:  Beyerlein, both individually and in her capacity as a former employee of Boenning, and her representatives, heirs, successors, and assigns does hereby release, remise and forever discharge: (1) Masi and Dominion

3

and all of their current and former principals, partners, directors, officers, members,

shareholders, employees, parents, subsidiaries, affiliates, predecessors, heirs, successors,

assigns, representatives, and any other persons acting on their behalf (the "Dominion

Releasees") and (2) the Boenning Releasees, from each, any and every claim, action,

cause of action, demand, or liability, whether in law or equity, whether arising in contract

or in tort, or damages of any kind or any other kind of relief, or of any character or

description, costs, expenses, attorneys' fees, compensation, consequential damages, or

any other thing whatsoever presently known or unknown, arising out of, in connection

with, or directly or indirectly related to the subject matter of Lawsuit and any claims

made or which could have been made by Beyerlein against the Dominion Releasees or

the Boenning Releasees in the Lawsuit other than the potential claims specifically

identified and reserved in the Transcript of Proceedings – Settlement before the

Honorable Malachy E. Mannion on Friday, October 21, 2106 (a copy of this Transcript of

Proceedings is attached hereto as Exhibit A) which are: (a) potential claims against

Boenning & Scattergood's insurers; (b) potential FINRA claims against Boenning &

Scattergood, unrelated in any way to the claims asserted in this lawsuit; (c) claims for

Champetry against Richard Kirtpatrick. Boenning & Scattergood and Boenning &

Scattergood's insurers and Richard Kirkpatrick reserve their respective rights to assert

any and all defenses and counterclaims against Beyerlein if she elects to pursue any of

the aforementioned claims.

    4.   <u>Release of Claims by Boenning</u>: Boenning, and all of its current and

former principals, partners, directors, officers, members, shareholders, employees,

parents, subsidiaries, affiliates, predecessors, heirs, successors, assigns, representatives,

and any other persons acting on their behalf release, remise and forever discharge: (1) the Dominion Releasees and (2) the Beyerlein Releasees from each, any and every claim, action, cause of action, demand, or liability, whether in law or equity, whether arising in contract or in tort, or damages of any kind or any other kind of relief, or of any character or description, costs, expenses, attorneys' fees, compensation, consequential damages, or any other thing whatsoever presently known or unknown, arising out of, in connection with, or directly or indirectly related to the subject matter of Lawsuit and any claims made or which could have been made by Boenning against the Dominion Releasees or the Beyerlein Releasees in the Lawsuit.  Boenning does not waive, and expressly reserves all defenses and counterclaims in any FINRA action involving Beyerlein, as contemplated in Section 3 herein.

5.     <u>Covenant Not to Sue</u>:  The Parties covenant that each will not initiate, promote, or otherwise cause any third party to institute any civil action or lawsuit at law or in equity, or assert any claims in any forum against any other Party to this Agreement and/or any of their respective present or former principals, partners, directors, officers, members, shareholders, employees, parents, subsidiaries, affiliates, predecessors, heirs, successors, assigns, representatives, and any other persons acting on their behalf, related in any way to the matters alleged in this Lawsuit except as follows:

a.     Beyerlein reserves her rights, if any, to pursue a declaratory judgment claim against Boenning's insurer(s) related to recoupment of attorneys' fees incurred on her behalf in this Lawsuit.

b.     Beyerlein reserves her rights, if any, to pursue a FINRA claim against Boenning on matters unrelated to this Lawsuit.

c.      Boenning reserves its rights to assert defenses and counterclaims against Beyerlein in any FINRA action that she may file.

6.      Costs:  The Parties agree that each Party shall bear its own costs and expenses (including but not limited to attorneys' fees) with regard to the Lawsuit.

7.      Consultation with Attorneys:  Each Party represents and warrants that it has carefully read this Agreement, is entering the Agreement on its own free will, has consulted with legal counsel to the extent that it has desired to do so, and fully understands and consents to be bound by the terms herein.

8.      Governing Law; Exclusive Venue:  The Agreement shall be interpreted, enforced and governed under the laws of the Commonwealth of Pennsylvania.  The Parties agree that the United States District Court for the Middle District of Pennsylvania shall be the exclusive venue for any action to enforce or interpret this Agreement.

9.      Entire Agreement and Modification:  This Agreement is the complete and exclusive statement of the entire agreement and understanding between the Parties with respect to the subject matter hereof.  No representations, oral or otherwise, express or implied, including any representation or promise from any of the Parties' principals, partners, directors, officers, members, shareholders, employees, parents, subsidiaries, affiliates, predecessors, heirs, successors, assigns, representatives, and any other persons acting on their behalf, other than those specifically set forth in this Agreement, have been made by any Party to another Party regarding the subject matter of this Agreement.  This Agreement shall not be superseded, suspended, waived, terminated, amended or modified in any manner except in a writing signed by all Parties to be bound.

10.     <u>Binding Effect and Assignment</u>: This Agreement shall bind and inure to the benefit of the Parties and their respective principals, partners, directors, officers, members, shareholders, employees, parents, subsidiaries, affiliates, predecessors, heirs, successors, assigns, representatives, and any other persons acting on their behalf.  Each of the Parties represents and warrants that it owns and has not transferred or assigned any of its rights or claims, or any part thereof, released and deemed dismissed hereunder.

11.     <u>Joint Draftsmanship</u>:  This Agreement is the product of a joint draftsmanship of the Parties and their attorneys, such that no inference shall be had or made against any Party as to the interpretation of this Agreement.

12.     <u>Counterparts</u>:  This Agreement may be executed in counterparts, each of which shall constitute an original hereof.

13.     <u>Authorization</u>:  The undersigned each represents and warrants that they have authority from their respective entities, where applicable, to enter this Agreement and to sign this Agreement.  Masi warrants that he is authorized to enter and sign this Agreement on behalf of Dominion.

[*this space intentionally blank*]

IN WITNESS WHEREOF, the Parties have so agreed and have set their hand.

**DOMINION DEVELOPMENT GROUP, LLC**

**BOENNING & SCATTERGOOD INC.**

By: _____ Larry Masi

By: _____

Title: *President*

Title: _____

Date: _____

Date: _____

**LARRY MASI**

**CINDY BEYERLEIN**

By: _____ Larry Masi

By: _____ Dr. Cindy Beyerlein

Date: _____

Date: _11-28-16_

8

IN WITNESS WHEREOF, the Parties have so agreed and have set their hand.

**DOMINION DEVELOPMENT
GROUP, LLC**

By: _____ Larry Masi _____

Title: *President*

Date: _____

**BOENNING & SCATTERGOOD
INC.**

By: _____

Title: _____

Date: 11/30/2016

**LARRY MASI**

By: _____ Larry Masi _____

Date: _____

**CINDY BEYERLEIN**

By: _____ Dr. Cindy Beyerlein _____

Date: _____

IN WITNESS WHEREOF, the Parties have so agreed and have set their hand.

**DOMINION DEVELOPMENT GROUP, LLC**

By:    Larry Masi

Title:  *President*

Date:_____

**BOENNING & SCATTERGOOD INC.**

By:_____

Title:_____

Date:_____

**LARRY MASI**

By:    Larry Masi

Date:_____

**CINDY BEYERLEIN**

By:    Dr. Cindy Beyerlein

Date:_____

# EXHIBIT A

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DOMINION DEVELOPMENT GROUP,  )
LLC,                          )
              Plaintiff       )
                              )
        vs                    )    15cv961
                              )
CINDY BEYERLEIN, Et.Al.,      )
                              )
              Defendants      )
_____)


TRANSCRIPT OF PROCEEDINGS - SETTLEMENT
BEFORE THE HONORABLE MALACHY E. MANNION
FRIDAY, OCTOBER 21, 2016; 4:40 P.M.
SCRANTON, PENNSYLVANIA


FOR THE PLAINTIFF:
    Perrucci Law Corporation
    By: Angelo M. Perrucci, Jr., Esq.
    825 Walnut Avenue
    Easton, Pennsylvania  18042

-AND-

    Law Office of Jeffrey S. Katz
    By: Jeffrey S. Katz, Esq.
    52 Trinity Street
    Newton, New Jersey  07860

FOR THE DEFENDANT BEYERLEIN:
    The Law Offices of George Chada
    By: George P. Chada, Esq.
    221 Summit Drive
    Natrona Heights, Pennsylvania 15065


    Proceedings recorded by machine shorthand, transcript
produced by computer-aided transcription.
_____

KRISTIN L. YEAGER, RMR, CRR
CERTIFIED REALTIME REPORTER
235 N. WASHINGTON AVENUE
SCRANTON, PENNSYLVANIA  18503

A P P E A R A N C E S (Cont'd.)


FOR THE DEFENDANT BOENNING & SCATTERGOOD:
    Saul Ewing, LLP
    By: John F. Stoviak, Esq.
    1500 Market Street, 3800 Centre Square West
    Philadelphia, Pennsylvania  19102

-AND-

    Saul Ewing, LLP
    Nicholas V. Fox, Esq.
    2 N. Second Street, 7th Floor
    Harrisburg, Pennsylvania  17101

3

1      THE COURT: This is the matter of Dominion Development

2  Group, LLC against Cindy Beyerlein, Boenning and Scattergood,

3  and there is a cross claim in the case by Boenning and

4  Scattergood against Cindy Beyerlein. The civil number in the

5  case is 3:CV-15-961.

6      We have had a rather extensive settlement conference today,

7  and based upon that, it appears that we have come to a

8  resolution of the case.

9      The resolution is that the case will be dismissed by all

10 parties against all other parties, including direct claims and

11 cross claims. Each party, all parties are to pay their own

12 costs, and the dismissal will be with prejudice.

13     Now, that being said, there are a couple carve-outs that

14 have been agreed to by the parties in this case. For example,

15 Ms. Beyerlein is reserving the right, if she has a cause of

16 action against the insurance company from Boenning and

17 Scattergood for, either, a declaratory judgment action, bad

18 faith action or any other kind of action related to whether or

19 not they should have defended or indemnified her for her being

20 part of this suit.

21     Additionally, Ms. Beyerlein is withholding or carving out

22 from the settlement any potential action against -- what's the

23 name of the individual?

24     MR. CHADA: Richard Kirkpatrick. K-I-R-K-P-A-T-R-I-C-K.

25     THE COURT: All right, Mr. Kirkpatrick is not here, I don't

4

1  know if there is any such suit against Mr. Kirkpatrick, but

2  he's not a party to this action, and so, as a result of that,

3  the release in this action would really have no effect on Mr.

4  Kirkpatrick and any particular potential suits he may or may

5  not have against him.

6      I know counsel wanted to put that on the record in the

7  case, but as I said, since he's not a party or principal in

8  this particular action, I'm not sure there's anything about

9  this case that would require such a carve-out. But at any rate

10 I think counsel wants to make sure everybody is aware of what's

11 going on.

12     All parties are in agreement that, in the case of Dominion

13 Development Group, LLC, as well as Boenning and Scattergood,

14 that the release includes all of their principles,

15 shareholders, although, they're named in a corporate fashion,

16 it involves all the people that are actually shareholders,

17 partners, managers in those particular entities, so it's clear

18 that since, obviously, corporations can't act on their own,

19 they've got to act through people, that the people's actions

20 and the officer's actions or shareholder's actions are those of

21 the company, so, therefore, they're included in this dismissal

22 with prejudice.

23     So that's my summary of particulars. What I intend to do is

24 enter a 60-day order that gives the parties 60 days to exchange

25 their releases, and it's my understanding that Mr. Stoviak has

5

1   agreed to, on behalf of Boenning, to draft the original release

2   and exchange it with counsel for all of their input, comments

3   and requested changes, until a document is agreed to by

4   everybody that memorializes this settlement.

5       Now, in addition to that, I'll first go to Mr. Perrucci or

6   Mr. Katz, on behalf of the Plaintiff Dominion Development

7   Group. Is that your understanding of the agreement and are

8   there any other salient factors you wish to place on the record

9   here?

10      MR. PERRUCCI: No, Your Honor. That is our understanding.

11  We were talking about the term, subsidiaries, that may be one

12  of the terms we want to put in to ensure that all of the

13  different entities are covered.

14      THE COURT: And I think that was mentioned, we had talked

15  about that in our discussions with counsel, that that included

16  everybody that's involved, one way or the other, as a group or

17  subsidiary of the named parties in the case.

18      All right, moving on to Mr. Chada, on behalf of Ms.

19  Beyerlein. Is that your understanding of the agreement and are

20  there any additional factors that you would like to place on

21  the record?

22      MR. CHADA: It is my understanding of the agreement, Your

23  Honor. The only caveat would be that if, in fact, a FINRA claim

24  lies in Dr. Beyerlein's favor that's not related to the subject

25  matter of this action, Your Honor, that that be excluded from

6

1  the release.

2      THE COURT: All right. And I think that -- I know that all

3  counsel are trying to be very careful in a way that they

4  protect their clients, but, obviously, anything that's

5  unrelated to this case, this settlement is only about this

6  case. If somebody has some legitimate suit that's unrelated to

7  this case that happens to involve the same people for some

8  different activity or incident, this release doesn't affect

9  that. This release affects this case and all the reasonable

10 activities related to this case.

11      So if there is such a similar action that is unrelated to

12 this case, it would not be covered by this release and

13 dismissal. If it was related to this case, then it would be

14 covered by this release and this dismissal, and so that would

15 be a determination, if one was filed by whoever the Court is

16 that has that, if there was a motion related to dismissal

17 saying it was related and this case had been settled.

18      So, clearly, this release involves this case and only this

19 case and all the parties and principals and people involved in

20 this case. If there's other legitimate actions that just happen

21 to have the same parties, that's a separate action not covered

22 by our decision here today.

23      MR. CHADA: Thank you, Your Honor.

24      THE COURT: And then moving on to Boenning and Scattergood.

25 Mr. Stoviak, is that your understanding of the agreement and

7

1 are there additional salient factors you'd like to place on the

2 record?

3     MR. STOVIAK: Yes, it's my understanding, with a couple

4 additions, and thank you, Your Honor, for your time and energy

5 in getting this to this point.

6     In terms of the scope of the release, I would normally

7 include language that includes not only the principals,

8 officers, shareholders that you've mentioned, but members, the

9 case is an LLC, and not only subsidiaries but affiliates, as

10 the term is defined in the vernacular.

11     And with respect to the FINRA unrelated matter that you

12 mentioned, Boenning would, of course, reserve rights to raise

13 any defenses to that claim, if they were brought by Ms.

14 Beyerlein, including any of the activities that she engaged in,

15 when she was employed at Boenning.

16     THE COURT: There's no question, again, if a FINRA action

17 was brought and it's unrelated, then, you would certainly be

18 entitled to bring whatever counter claims, other actions

19 related to that or defenses that were appropriate, so I agree

20 with that.

21     MR. STOVIAK: Thank you.

22     THE COURT: Do you have something?

23     MR. LARRY MASI: All limited partners are included in this?

24     MR. PERRUCCI: All limited partners are included in this.

25 I'll discuss this with Mr. Masi off the record, Your Honor.

1     THE COURT: Okay. Are there any other questions, comments or

2  concerns from counsel, before we adjourn for today?

3     MR. STOVIAK: Not from Boenning.

4     MR. CHADA: Your Honor, if Mr. Masi is going to allege that

5  Mr. Kirkpatrick is a partner or is, somehow, a party in this

6  claim, then, the exclusion that was carved out specifically

7  excludes Mr. Kirkpatrick's role, as any affiliate, partner,

8  member or related entity whatsoever from the release. Is that

9  the understanding of the parties?

10    THE COURT: No, I don't think that is the understanding. If

11 it turns out he's a partner or one of the -- then the activity

12 related to him would be -- he would be included in the release.

13 If it turns out he's not, if that's incorrect or whatever,

14 then, certainly, you know, he would be like anybody else.

15    But if he was, in fact, somebody who was a partner,

16 director, shareholder, whatever it may be, in the entity, then

17 he would be released.

18    MR. CHADA: Then, why don't we think about it this way. The

19 parties in this case are Dominion Development Group, LLC, Larry

20 Masi, Dr. Cindy Beyerlein, and Boenning and Scattergood. And it

21 specifically excludes any peripheral entities that were

22 developed related thereto.

23    What I'd like to do is get a finite universe of parties.

24 Mr. Masi, during the course of this litigation, has admitted to

25 being what he considers a serial entrepreneur who has many,

1 many entities, Flagstaff Resort Holdings, there's many

2 iterations of that. I would not want one of those iterations to

3 interfere with Dr. Beyerlein's right to bring an action against

4 Mr. Kirkpatrick for champerty or some other related claim

5 simply because Mr. Masi was a serial entrepreneur.

6    THE COURT: You can all work out the language, in the course

7 of your 60 days, particularly, but I want to be clear that the

8 named parties in this case are the parties in this case, and

9 shareholders or stockholders of those entities or members and

10 LLC's of those entities are the ones that are included.

11    It isn't like, well, I own 17 corporations, so the one that

12 sells, you know, marijuana in California is, somehow, because

13 I've got some part of that, that people involved there are

14 related to this action. It's not. This action is related

15 specifically to the named parties that are in this case and the

16 reasonable entities that are involved in this case, not because

17 some party owned seven or six other companies aren't a part of

18 the release, it's only the people that are involved or that are

19 specifically -- their activities are part of the companies that

20 are named here.

21    MR. CHADA: And I'll rely on the good faith of counsel for

22 the parties named in this case to carve out that they

23 understand that that exclusion was part of it.

24    THE COURT: You'll all have an opportunity in your release

25 that make sure that that is correct.

10

1      On the other side of the coin, I'm going to say this, and I

2  don't normally say this at this stage of the proceedings. It's

3  time to move on. And so, maybe, everybody needs to get ahold of

4  their parties and say, Look, stop trying to play small games.

5  If it's over, it's over, and let's move on.

6      And so carve-outs are meant to make sure that we -- if

7  there's some potentially legitimate action, like, for example,

8  a declaratory judgment action that says, Hey, I think I was

9  part of your business and you should have paid my attorneys

10  fees. That's fine. If it's still looking for people to sue,

11  based upon this same suit, or to, somehow, you know, go

12  after it, get over it. If there's a legitimate action that you

13  can bring, then, you're allowed to bring that action. If it's

14  related to this, it's going to be over with.

15      But I think it's time everyone grab their clients and shake

16  them a little bit and say, Hey, let's move on here. That's it.

17  Sixty days from today.

18      MR. CHADA: Thank you, Your Honor.

19      MR. STOVIAK: Thank you, Your Honor.

20      (At this time the proceedings were adjourned.)

21

22

23

24

25

11

1                    C E R T I F I C A T E

2

3        I, KRISTIN L. YEAGER, Official Court Reporter for the

4  United States District Court for the Middle District of

5  Pennsylvania, appointed pursuant to the provisions of

6  Title 28, United States Code, Section 753, do hereby certify

7  that the foregoing is a true and correct transcript of the

8  within-mentioned proceedings had in the above-mentioned and

9  numbered cause on the date or dates hereinbefore set forth; and

10 I do further certify that the foregoing transcript has

11 been prepared by me or under my supervision.

12

13                        S/Kristin L. Yeager
                          KRISTIN L. YEAGER, RMR,CRR
14                        Official Court Reporter

15

16 REPORTED BY:

17     KRISTIN L. YEAGER, RMR,CRR
       Official Court Reporter
       United States District Court
18     Middle District of Pennsylvania
       P.O. Box 5
19     Scranton, Pennsylvania  18501

20

21

22        (The foregoing certificate of this transcript
   does not apply to any reproduction of the same by any means
23 unless under the direct control and/or supervision of the
   certifying reporter.)

24

25

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINION DEVELOPMENT GROUP, LLC, | ) ) | No. 3:15-cv-00961 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | (The Honorable Malachy E. Mannion) |
| CINDY BEYERLEIN AND BOENNING & SCATTERGOOD, | ) ) | |
| Defendants. | ) | |

## STIPULATION TO DISMISS WITH PREJUDICE

The undersigned counsel for Plaintiff Dominion Development Group, LLC,

Defendant Cindy Beyerlein, and Defendant Boenning & Scattergood hereby

stipulate and agree that each Party's claims in the above-captioned matter are

dismissed with prejudice.

By: _____
    Angelo M. Perrucci, Jr., Esq.
    Jeffrey S. Katz, Esq.
    *Attorneys for Plaintiff*
    *Dominion Development*
    *Group, LLC*

By: _____
    George P. Chada, Esq.
    Robert O. Lampl, Esq.
    David L. Fuchs, Esq.
    *Attorneys for Defendant*
    *Cindy Beyerlein*

By: _____
    John F. Stoviak, Esq.
    Emily H. Edmunds, Esq.
    Nicholas V. Fox, Esq.
    *Attorneys for Defendant*
    *Boenning & Scattergood*

243610.1 11/23/2016