IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DOMINION DEVELOPMENT | ) | |
|---|---|---|
| GROUP, LLC, | ) | No. 3:15-cv-00961 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | (The Honorable Malachy E. Mannion) |
| CINDY BEYERLEIN AND | ) | |
| BOENNING & SCATTERGOOD, | ) | |
|     Defendants. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF BOENNING & SCATTERGOOD'S MOTION TO ENFORCE SETTLEMENT AND IMPOSE SANCTIONS

Defendant Boenning & Scattergood ("Boenning") respectfully submits this Memorandum of Law in support of its Motion to Enforce Settlement and Impose Sanctions. For the reasons set forth below, the Court should issue an Order enforcing the settlement agreement reached during the October 21, 2016 settlement conference and impose sanctions on Plaintiff Dominion Development Group, LLC ("Dominion"), its principal Larry Masi, and its new counsel, Matthew Weisberg, Esquire.

### I. FACTS

By Order dated October 18, 2016, the Court scheduled a settlement conference on October 21, 2016 in Scranton, Pennsylvania. (Doc. 99.) At the settlement conference, Larry Masi ("Masi") appeared on behalf of his company, Dominion, along with Dominion's counsel, Angelo Perrucci and Jeffrey Katz.

Defendants Cindy Beyerlein ("Beyerlein") and Boenning were represented by counsel. *See* transcript of the settlement conference proceedings ("Transcript") attached as <u>Exhibit 1</u>. After a lengthy settlement conference, the Parties agreed to settle this lawsuit. (Doc. 101.) By Order dated October 21, 2016, the Court dismissed the case with prejudice, subject to possible reinstatement within 60 days upon good cause shown by any party. (Doc. 101.)

After the settlement conference, counsel for Boenning prepared a draft settlement agreement based on the terms as set forth in the Transcript, and Boenning circulated the draft to opposing counsel on October 27, 2016. *See* <u>Exhibit 2</u> attached. One day later on October 28, 2016, Dominion approved the language contained in the draft settlement agreement without any edits. *See* <u>Exhibit 3</u> attached.

Following Dominion's approval of the settlement agreement, Dominion's counsel contacted Defendants' counsel on November 10, 2016, *see* <u>Exhibit 4</u>, and again on November 16, 2016, *see* <u>Exhibit 5</u>, to inquire about finalizing the written settlement agreement.

After receipt of feedback from Beyerlein's counsel, Boenning's counsel circulated an annotated version of the settlement agreement on November 18, 2016. *See* <u>Exhibit 6</u>. Counsel for Dominion responded on November 21, 2016, with two proposed edits. *See* <u>Exhibit 7</u>. Subsequently, on November 21, 2016,

counsel for Boenning circulated a revised draft to Dominion and Beyerlein. *See* Exhibit 8.

On November 28, 2016, Beyerlein consented to the written settlement agreement as drafted, and this was immediately communicated to Dominion's counsel. *See* Exhibit 9 attached. Upon inquiry as to when Dominion and Masi would execute the written settlement agreement, counsel for Dominion informed Boenning's counsel on November 30, 2016, that Dominion's counsel would circulate the endorsed settlement document "within the hour" after receipt from Masi and Dominion. *See* Exhibit 10.

By letter dated December 8, 2016, counsel for Boenning informed the Court of Dominion and Masi's failures to sign the settlement agreement, for which it requested sanctions. (Doc. 102.) By Order dated, December 12, 2016, the Court issued an Order directing Dominion and Masi to show cause on or before December 23, 2016 as to why sanctions should not be imposed for refusal to execute the settlement agreement. (Doc. 103.)

On December 20, 2016, attorney Matthew Weisberg entered his appearance on behalf of Dominion as new counsel. (Doc. 104.) That same day, Attorney Weisberg filed a Motion for Enlargement of Time to Move this Honorable Court to Reinstate the Within Action and to Respond to this Court's Order to Show Cause

Regarding Settlement Enforcement. (Doc. 105.) Boenning now seeks enforcement of the settlement by the Court and imposition of sanctions.

## II. QUESTIONS PRESENTED

    A.    Should the Court enforce the settlement reached by the Parties at the settlement conference on October 21, 2016?

        Suggested Answer: Yes.

    B.    Should the Court issue sanctions against Dominion and Masi for their bad faith conduct in obstructing, delaying, and otherwise impeding the settlement?

        Suggested Answer: Yes.

    C.    Should the Court issue sanctions pursuant to Federal Rule of Civil Procedure 11 against attorney Matthew Weisberg for presenting a patently false statement to the Court regarding an alleged lack of authority vested in Dominion's former counsel to enter the settlement agreement, when Masi attended and participated in the settlement conference and at no time brought any absence of authority to the attention of the Court or opposing counsel?

        Suggested Answer: Yes.

## III. ARGUMENT

### A. The Court Should Enforce the Settlement.

An agreement to voluntarily settle this case was reached by the Parties at the settlement conference before the Court on October 21, 2016. The Court has authority to enforce the settlement agreement per the terms negotiated by the Parties, as reflected in the Transcript—despite Masi and Dominion's subsequent refusal to sign the written document memorializing the settlement.

> 1. The Court is Authorized to Enforce the Settlement; Policy Considerations Favor Settlement.

"A trial court has jurisdiction to enforce a settlement agreement entered into between the parties." Kozierachi v. Perez, 2:10-CV-7570-CDJ, 2014 WL 1378268, at *3 (E.D. Pa. Apr. 7, 2014). Both judicial policy and public policy strongly favor settlements. Id. ("Strong public policy favors settlements."); and Charles v. Giant Eagle Mkts., 522 A.2d 1, 2 (Pa. 1987) ("Settlement is a valuable tool in our arsenal of dispute resolution and it should not be undermined."); and Felix, M.D. v. Giuseppe Kitchens & Baths, Inc., 848 A.2d 943, 946 (Pa.Super. 2004) (stating that in Pennsylvania, "[t]here is a strong judicial policy in favor of voluntarily settling lawsuits."). Based on these policies, courts applying Pennsylvania law will not hesitate to enforce a settlement agreement reached by the parties.

5

2. Contract Principles Apply.

"Settlement agreements are governed by ordinary principles of contract law." Lester v. Percudani, Civ. A. Nos. 3:01-CV-1182, 1:04-CV-0832, 2011 WL 6130532, at *2 (M.D. Pa. Dec. 8, 2011) (citing In re Cendant Corp. Prides Litig., 233 F.3d 188, 193 (3d Cir. 2000)). The essential elements of a contract are an offer, acceptance, and consideration or a mutual meeting of the minds. Riviello v. First Nat. Cmty. Bank, CIV.A. 3:10-2347, 2013 WL 1348259, at *1–2 (M.D. Pa. Apr. 3, 2013). An acceptance must be unconditional, Id., and whether a meeting of the minds has occurred is a question of fact. Johnston v. Johnston, 499 A.2d 1074, 1076 (Pa.Super. 1985).

Here, there was an offer that was voluntarily accepted by all Parties resulting in a mutual meeting of the minds. The Court acknowledged this development in its Order following the settlement conference. (Doc. 101.) ("the parties have come to an agreement to resolve and settle.") There was nothing conditional about any Party's acceptance of the settlement or its terms.[1]

---

[1] If Masi essentially claims that his attorneys acted beyond their authority—his claim is against his attorneys—and cannot undermine the settlement, particularly when Masi was present and by his attorneys' side when the Court set forth the essential terms of the settlement agreement.

6

3. Essential Terms.

"If the parties agree on the essential terms of an agreement and intend them to be binding, a contract is formed even though they intend to adopt a formal documents with additional terms at a later date." Lester, 2011 WL 6130532, at *3 (internal quotations omitted) (quoting Capek v. Mendelson, 821 F. Supp. 351, 357 (E.D. Pa. 1993)), and see Garba v. Fresh Exp., Inc., 1:13-CV-2497, 2014 WL 4976269, at *4 (M.D. Pa. Sept. 30, 2014) ("Moreover, it is well-settled in Pennsylvania that where the parties have settled upon the essential terms and the only remaining act to be done is the formalization of the agreement, the latter is not inconsistent with the present contract." ). Even where an additional term appears when an agreement to settle is reduced to writing, this does not mean that there has been no meeting of the minds on all of the *essential* terms of the agreement. Compu Forms Control, Inc. v. Altus Group, Inc., 574 A.2d 618, 623-24 (Pa.Super. 1990). Where, on the other hand, there are matters yet to be determined about the essential terms of a settlement, there can be no enforceable agreement. Riviello, 2013 WL 1348259, at *1.

In this case, the essential terms of settlement were discussed in the presence of the Court on October 21, 2016. It was agreed that there would be a dismissal by all parties against all other parties, including direct claims and cross claims. Tr. 3:9-11. The dismissal is with prejudice. Tr. 3:12. Each party is to bear its own

7

costs. Tr. 3:11-12. There are certain carve outs to preserve certain claims unrelated to the instant case. Tr. 3:13-14, 6:2-13. The parties would have 60 days to exchange their releases. Tr. 4:23-25. These are the essential terms of the contract.

After the settlement conference, counsel negotiated the language in the written settlement agreement precisely as contemplated by the Court, as reflected in the Transcript. Tr. 9:6-7 ("You can all work out the language, in the course of your 60 days . . . ."), and Tr. 9:24-25 ("You'll all have an opportunity in your release that make sure that that is correct."). "Boenning [will] draft the original release and exchange it with counsel for all of their input, comments and requested changes, until a document is agreed to by everybody that memorializes this settlement." Tr. 5:1-4. The essential terms had been determined during the settlement conference itself, leaving only incidental details and consensus as to wording of the written document to be completed after the agreement to settle had already been reached.

    4. <u>A Written Agreement Is Not Needed to Enforce the Settlement.</u>

To be enforced by a court, an agreement to settle need not be reduced to a writing. <u>See, e.g.</u>, <u>Green v. John H. Lewis & Co.</u>, 436 F.2d 389, 390 (3d Cir.1970) (per curiam); <u>and see</u> <u>Danois v. i3 Archive, Inc.</u>, CIV.A. 11-3856, 2015 WL 156015, at *5 (E.D. Pa. Jan. 12, 2015), <u>appeal dismissed</u> (Mar. 27, 2015)

8

("where the parties have agreed on the essential terms of a contract, the fact that they intend to formalize their agreement in writing but have not yet done so does not prevent enforcement of such agreement. Even the inability of the parties to an oral agreement to reduce such agreement to writing after several attempts does not necessarily preclude a finding that the oral agreement was enforceable.") Because an enforceable agreement to settle was reached by the Parties on October 21, 2016 at the settlement conference, the Court is authorized to enforce the settlement—despite Dominion's and Masi's refusal to sign the written settlement agreement.

> 5. Courts Applying Pennsylvania Law Have Enforced Settlement Despite a Refusal to Sign.

After an agreement to settle has been reached, courts will enforce that settlement agreement even where a litigant refuses to sign the written agreement. Kozierachi, 2014 WL 1378268, at *3 ("Plaintiff still refuses to execute the agreement."), and see Forba v. Thomas Jefferson Univ. Hosp., 16-3175, 2016 WL 6879274, at *1 (3d Cir. Nov. 22, 2016) (enforcing settlement agreement where Plaintiff later refused to sign because he had changed his mind). Masi's and Dominion's refusal to sign the settlement agreement should not impede the Court's enforcement of the settlement. What is especially troubling in this case is that in the month since November 21, 2016—when counsel for Boenning addressed certain issues raised by Dominion's counsel with regard to language in the written settlement agreement, *see* Exhibit 7 and Exhibit 8, *neither Dominion, Masi, nor*

9

*their counsel presented any issues or suggested edits to the written settlement agreement. Instead, Dominion and Masi delayed until last minute and refused to sign. This refusal does not prevent the Court from enforcing the settlement agreement reached before the Court on October 21, 2016 with all counsel and Masi present.*

**B. Sanctions Upon Dominion and Masi**

In addition, Dominion and Masi should be sanctioned for their collective disregard for the judicial process. Plaintiff's continued refusal to execute the settlement agreement falls well below the good faith conduct expected of parties that come before the Court. Dominion's counsel indicated on October 28, 2016 that the settlement agreement proposed by Boenning was acceptable. *See* Exhibit 3 ("I find the agreement acceptable in its present form."). Further, when Dominion's counsel later requested edits to the execution copy of the settlement agreement on November 21, 2016 (which arose as a result of edits proposed by Beyerlein), Boenning's counsel made the requested edits to resolve the issues raised by Plaintiff and then circulated an updated draft settlement agreement, which included a transcript of the settlement conference proceedings. *See* Exhibit 7 and Exhibit 8. Despite Boenning's undertaking to address and resolve *any and all* issues with the written settlement agreement that were identified by Plaintiff, Plaintiff has subsequently refused to execute the finalized settlement agreement.

Under M.D. Pa. LR 83.3, this Court has the discretion to impose sanctions. A party that refuses to sign a settlement agreement for frivolous reasons is subject to sanctions. See, e.g., Kozierachi, 2014 WL 137268, at *4 (failure to execute the [settlement] agreement despite the fact that his sole objection [had] been remedied evidences a 'disregard for the judicial process,' and such bad faith conduct may well be sanctionable." (quoting Elliot v. Marinos, No. 12-1293, 2013 WL 4400163 (M.D. Pa. Aug. 15, 2013))). Here, Plaintiff's objections to the settlement agreement were remedied by Boenning's edits to the settlement agreement, which incorporated the Transcript of the settlement conference. *See* Exhibit 7 and Exhibit 8. Therefore, Plaintiff's refusal to sign the settlement agreement is frivolous and disregards the judicial process. As a result, Dominion and its principal, Masi, should be sanctioned, jointly and severally, in the amount that Boenning has incurred in drafting and negotiating the settlement agreement with Dominion's counsel. Boenning respectfully requests an award of sanctions in the amount of $2,999.50—which are its legal fees incurred in drafting and negotiating the settlement agreement with Dominion's counsel. *See* Declaration of John Stoviak ¶ 3 (attached hereto as Exhibit 11).

**C. Sanctions Upon Attorney Weisberg.**

In addition, Attorney Matthew Weisberg filed a Motion to Enlarge Time on behalf of Dominion that is sanctionable because it contains at least one significant

false averment. (Doc. 105.) Specifically, Attorney Weisberg represented to the Court that Dominion's prior counsel did not have authority to settle this lawsuit. (Doc. 105.) This assertion is frivolous, patently false, and contravenes the Transcript.

Masi was present during the entirety of the settlement conference on October 21, 2016. Not only was Masi present while the terms of the settlement were being negotiated and finalized, but Masi *participated in* the proceedings. At no time during the recorded proceedings did Masi object to his counsel's participation in the settlement proceedings, nor did he inform the Court that his counsel lacked authority to settle. Even if the authority of Dominion's counsel were in doubt, no conceivable scenario exists under which a client is better positioned to prevent an attorney from settling a case against its wishes, than where the client itself accompanies the lawyer to the settlement conference and sits adjacent to the lawyer, as Masi did, while the terms of settlement agreement are worked out.

This court has previously observed that an attorney is expressly authorized to settle a client's case "if he is reasonable in drawing an inference that the [client] intended him so to act . . . ." Garba v. Fresh Exp., Inc., 1:13-CV-2497, 2014 WL 4976269, at *6 (M.D. Pa. Sept. 30, 2014) (internal citations omitted). Masi's conduct on October 21, 2016 reasonably demonstrated his intentions to settle the lawsuit on the agreed upon terms to all present in the Courtroom.

Based on the above, the Motion filed by Attorney Weisberg violates Federal Rule of Civil Procedure 11(b) because his factual contention concerning the authority of Dominion's former counsel lacks any basis in fact or any legitimate evidentiary support. Fed. R. Civ. P. 11(b)(3).

## IV. CONCLUSION

For all of the foregoing reasons, Boenning respectfully requests an order from this Court enforcing the settlement voluntarily agreed to by the Parties at the October 21, 2016 settlement conference. Additionally, Boenning respectfully requests that the Court issue sanctions against Dominion and Masi for their dilatory and vexatious conduct in attempting, in bad faith, to impede finalization of the settlement to which they previously agreed. Finally, Boenning respectfully requests sanctions pursuant to Fed. R. Civ. P. 11(b) against Attorney Matthew Weisberg for his filing of a frivolous Motion for Enlargement of Time, where the factual averment as to authority to settle are unsupported by the transcript from the settlement conference proceedings.

[*This space intentionally blank*]

Respectfully submitted,

**SAUL EWING LLP**

<u>/s/ Nicholas V. Fox, Esquire</u>
Emily H. Edmunds, Esq. (PA No. 205919)
Nicholas V. Fox, Esq. (PA No. 313977)
2 North 2nd Street, 7th floor
Harrisburg, PA 17101
(717) 257-7576 (Ms. Edmunds)
(717) 257-7552 (Mr. Fox)

John F. Stoviak, Esq. (PA No. 23471)
1500 Market Street | 38th Floor
Philadelphia, PA 19102
(215) 972-1095
*admitted pro hac vice*

*Attorneys for Defendant Boenning & Scattergood*

Dated: December 21, 2016

CERTIFICATE OF SERVICE

I, Nicholas V. Fox, certify that on this date I served a true and correct copy of the foregoing **Motion to Enforce Settlement and Impose Sanctions** and supporting **Memorandum of Law** upon the following by the Court's ECF system:

| *Counsel for Plaintiff* | *Counsel for Defendant Beyerlein* |
|---|---|
| Angelo M. Perrucci Jr., Esq.<br>Perrucci Law Corporation<br>825 Walnut Ave.<br>Easton, PA 18042 | George P. Chada, Esq.<br>221 Summit Drive<br>Natrona Heights, PA 15056 |
| Jeffrey S. Katz, Esq.<br>Law Office of Jeffrey S. Katz<br>52 Trinity Street<br>Newton, NJ 07860 | Robert O. Lampl, Esq.<br>David L. Fuchs, Esq.<br>960 Penn Ave. \| Suite 1200<br>Pittsburgh, PA 15222 |
| Matthew B. Weisberg, Esq.<br>Weisberg Law Offices<br>7 South Morton Avenue<br>Morton, PA 19070 | |

Dated: December 21, 2016                  /s/ Nicholas V. Fox
                                                                            Nicholas V. Fox