# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOMINION DEVELOPMENT GROUP, LLC.,** | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:15-0961 |
| | : | |
| v. | : | |
| | : | (JUDGE MANNION) |
| **CINDY BEYERLEIN and BOENNING & SCATTERGOOD,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is the motion of defendant Boenning & Scattergood, ("Boenning"), to enforce settlement and impose sanctions. (Doc. 109). Based upon the court's review of the motion and related materials, the motion will be granted in part and denied in part.

By way of relevant background, a settlement conference was held in the above-captioned matter on October 21, 2016. (Doc. 99). Appearing at the settlement conference for the plaintiff was Larry Masi on behalf of his company, Dominion Development Group, LLC, ("Dominion"), along with his counsel, Angelo Perrucci and Jeffrey Katz. The defendants, Cindy Beyerlein and Boenning, were also represented by counsel at the conference.

After over four hours of discussions and settlement negotiations, the parties orally agreed to settle the action. The court placed the salient terms of

the settlement on the record and, by order dated the same day, dismissed the case subject to possible reinstatement within 60 days upon good cause shown by any party. (Doc. 101).

On December 21, 2016, defendant Boenning filed the instant motion to enforce the settlement and impose sanctions, (Doc. 109), along with a brief and exhibits in support thereof, (Doc. 110). The plaintiff filed a brief in opposition to the motion on January 12, 2017. (Doc. 113). On January 18, 2017, Boenning filed a reply brief in support of it's motion. (Doc. 115). After having been granted permission to do so, on February 9, 2017, the plaintiff filed a sur-reply in opposition to the motion. (Doc. 121). The court held a hearing on the motion on July 17, 2017.

In its motion to enforce the settlement, Boenning provides that, after the settlement conference, counsel for Boenning prepared a draft settlement agreement based on the terms set forth at the conference and circulated the draft to opposing counsel on October 27, 2016. One day later, the plaintiff's counsel approved the language of the draft without any edits. Following this approval, the plaintiff's counsel contacted the defendants' counsel on November 10, 2016, and November 16, 2016, to inquire about finalizing the written settlement agreement.

In the meantime, Boenning received feedback from defendant Beyerlein's counsel on the written agreement, after which it circulated an

2

annotated version of the settlement agreement on November 18, 2016. The plaintiff's counsel then responded on November 21, 2016, with two proposed edits. Later that day, counsel for Boenning circulated a revised draft to the plaintiff's counsel and defendant Beyerlein's counsel.

On November 28, 2016, defendant Beyerlein consented to the written settlement agreement as drafted. This was communicated to the plaintiff's counsel. Counsel for the plaintiff indicated that an endorsed settlement document would be forthcoming within the hour, after receipt from Mr. Masi on behalf of Dominion. When no endorsed agreement was received from the plaintiff, counsel for Boenning informed the court and requested sanctions. (Doc. 102). On December 12, 2016, the court issued an order to show cause why sanctions should not be imposed for the plaintiff's failure to execute the settlement agreement. (Doc. 103). On December 20, 2016, attorney Matthew Weisberg entered his appearance on behalf of the plaintiff as new counsel.

Boenning now moves to enforce the settlement reached by the parties at the settlement conference on October 21, 2016. Motions to enforce settlement agreements are subject to the same standard applicable to motions for summary judgment. See Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991). To this extent, the court "must treat all of the non-movant's assertions as true, and when these assertions conflict with those of the movant, the former must receive the benefit of the doubt." Id. at 1032 (internal citation and

quotation marks omitted). In order to prevail on a motion to enforce a settlement, the movant must demonstrate that there are no disputed material facts regarding the terms and existence of a contract. Long v. EquiCross, Inc., 2014 WL 1391041, at *2 (W.D.Pa. Feb. 27, 2014) (citing Tiernan, 923 F.2d at 1031-32).

"Settlement agreements are essentially contracts, and basic contract principles apply to their interpretation." Williams v. Patterson-UTI Drilling Co. LLC, 2013 WL 5274860, *1 (M.D.Pa. Sept. 17, 2013). Under Pennsylvania law, "[t]he essential elements of a contract are an offer, acceptance, and consideration or a mutual meeting of the minds." Riviello v. First Nat'l Cmty. Bank, 2013 WL 1348259, at *1 (M.D.Pa. Apr. 3, 2013). "A settlement agreement is binding once the parties express mutual assent to its terms and conditions, see Main Line Theatres, Inc. v. Paramount Film Distrib. Corp., 298 F.2d 801, 802 & n.1 (3d Cir. 1962), and need not be reduced to writing to be enforceable. See Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970) (per curiam)." Kelly v. Boeing, Inc., 513 Fed.Appx. 131, 134 (3d Cir. 2013). It is well-settled in Pennsylvania that where the parties have settled upon the essential terms and the only remaining act to be done is the formalization of the agreement, the latter is not inconsistent with the present contract." Melo-Sonics Corp. v. Cropp, 342 F.2d 856, 859-60 (3d Cir. 1965). See also Compu Forms Control, Inc. v. Altus Group, Inc., 574 A.2d 618, 623

(Pa.Super. 1990). Where an agreement to settle a lawsuit is voluntarily entered into, it is binding upon the parties, whether or not it is made in the presence of the court or even in the absence of a writing. See Gross v. Penn Mut. Life Ins. Co., 396 F.Supp. 373, 374 (E.D.Pa. 1975) (quoting Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970)).

Under Pennsylvania law, it is required that an attorney possess express authority in order to settle a client's claim. See Polier v. Allegheny Cnty., 599 Fed.Appx. 425, 426 (3d Cir. 2015). "Express authority empowering an attorney to settle a client's claim 'must be the result of explicit instructions regarding settlement.'" Tiernan, 923 F.2d at 1033. An attorney is expressly authorized to settle a client's case "if he is reasonable in drawing an inference that the [client] intended him to so act although that was not the [client's] intent." See Pisarz v. PPL Corp., 2014 WL 220778 at *4 (M.D.Pa., Jan. 21, 2014) (citing Restatement (Second) of Agency §7 cmt. b).

In opposing Boenning's motion, it is argued that Dominion's counsel did not have express authority to settle the matter. In support of this claim, Mr. Masi has submitted an affidavit in which he indicates that, prior to the settlement conference, he refused to authorize his attorney to enter into a mutual general release. Mr. Masi further provides that he did not object to the settlement agreement placed on the record by the court and stood silent during the settlement colloquy "because he was not given an opportunity to

5

speak by this Honorable Court or his counsel." After entry of the settlement on the record, it is argued that the plaintiff "immediately and then again upon retention of successor counsel - repudiated the settlement entered into without authority of Plaintiff's counsel."

Despite the statements of Mr. Masi and the argument of his current counsel, the record puts a different light on the settlement proceedings in this action. Initially, Mr. Masi was present with his former counsel, Angelo M. Perrucci, Jr., during the entire settlement conference in this matter. There was much back and forth between all counsel and their clients throughout the conference. Every indication was that Mr. Masi participated with his attorney in the negotiation and finalization of the terms of the settlement. There was no indication, at any time throughout the four plus hours of the conference, that Mr. Masi expressed that he did not want to settle the matter or that his counsel did not have authority to do such.

Attorney Perrucci testified at the hearing on this matter that he and Attorney Stoviak, counsel for Boenning and Scattergood, had a telephone conversation on October 21, 2016, prior to the final pre-trial conference, during which settlement discussions were had. At that time, Attorney Stoviak indicated that Boenning and Scattergood would be willing to settle this case and would only agree to a dismissal with prejudice with no payment of monies. Attorney Perrucci testified that, at that time, he did not have authority from Mr.

6

Masi to settle the matter and expressed this to Attorney Stoviak. As such, the matter proceeded to the final pre-trial conference. After three to four hours of negotiations between the parties at the final pre-trial conference, it was counsels' understanding that the matter was heading toward an agreement to settle with a dismissal with prejudice with no money to be exchanged between the parties. Attorney Stoviak inquired of Mr. Perrucci as to whether he had received authority to settle on those terms from Mr. Masi. Attorney Perrucci testified that, at that time, he did have authority to settle the matter from Mr. Masi. Specifically, Attorney Perrucci testified that, just prior to the settlement conference, he and his co-counsel, Jeffrey S. Katz, sat and talked with Mr. Masi. Attorney Perrucci testified that Mr. Masi indicated that he understood that his case had "fallen apart" and that counsel had his authority to settle the case for no money. Attorney Perrucci testified that he was careful to make sure that Mr. Masi understood the implications of what was going on and answered the many questions which Mr. Masi had as to the proceedings and settlement of the matter. Attorney Perrucci testified that he had unequivocal full authority from Mr. Masi to settle with no money at the time of the final pre-trial conference.[1]/[2]

---

[1] Mr. Masi denied this at the hearing to enforce the settlement.

[2] Attorney Perrucci testified that it was not until approximately one month after the final pre-trial conference and settlement agreement that Mr. Masi
(continued...)

Once all parties indicated that they were satisfied that terms had been reached upon which this matter could be settled, the court took the parties and their counsel into the courtroom to put the salient factors of the settlement on the record. In part, the court stated:

> THE COURT: This is the matter of Dominion Development Group, LLC against Cindy Beyerlein, Boenning and Scattergood, and there is a cross claim in the case by Boenning and Scattergood against Cindy Beyerlein. The civil number in the case is 3:CV-15-961.
> We have had a rather extensive settlement conference today, and based upon that, it appears that we have come to a resolution of the case.
> The resolution is that the case will be dismissed by all parties against all other parties, including direct claims and cross claims. Each party, all parties are to pay their own costs, and the dismissal will be with prejudice.
> Now, that being said, there are a couple carve-outs that have been agreed to by the parties in this case. For example, Ms. Beyerlein is reserving the right, if she has a cause of action against the insurance company from Boenning and Scattergood for, either, a declaratory judgment action, bad faith action or any other kind of action related to whether or not they should have defended or indemnified her for her being part of this suit.
> Additionally, Ms. Beyerlein is withholding or carving out from the settlement any potential action against - - what's the name of the individual?
> MR. CHADA: Richard Kirkpatrick. K-I-R-K-P-A-T-R-I-C-K.
> THE COURT: All right, Mr. Kirkpatrick is not here, I don't know if there is any such suit against Mr. Kirkpatrick, but he's not a party to this action, and so, as a result of that, the release in this action would really have no effect on Mr. Kirkpatrick and any

---

²(...continued)
contacted him and indicated he had a change of heart with respect to a carve out provision in the agreement which allowed for a potential action by defendant Beyerlein against Mr. Kirkpatrick, a friend of Mr. Masi's.

8

particular potential suits he may or may not have against him.[3]

* * *

All parties are in agreement that, in the case of Dominion Development Group, LLC, as well as Boenning and Scattergood, that the release includes all of their principles, shareholders, although, they're named in a corporate fashion, it involves all the people that are actually shareholders, partners, managers in those particular entities, so it's clear that since, obviously, corporations can't act on their own, they've got to act through people, that the people's actions and the officer's actions or shareholder's actions are those of the company, so, therefore, they're included in this dismissal with prejudice.

So that's my summary of particulars. What I intend to do is enter a 60-day order that gives the parties 60 days to exchange their releases, and it's my understanding that Mr. Stoviak has agreed to, on behalf of Boenning, to draft the original release and exchange it with counsel for all of their input, comments and requested changes, until a document is agreed to by everybody that memorializes this settlement.

(Doc. 110, Ex. 1).

After this recitation, the court proceeded to inquire as to each of the parties as to whether the court's recitation of the salient factors was their understanding of the settlement agreement and whether there were any other salient factors that they wished to place on the record. Attorney Perrucci, Mr. Masi's attorney, indicated that this was their understanding of the agreement and went on to state that the term "subsidiaries" should be put in the

---

[3] Mr. Masi testified at the hearing to enforce the settlement that he "literally blurted out" at this point that he was "not accepting [zero dollars] or the carve out [provision]". In fact, this protestation is not reflected on the record and the court certainly would not have proceeded if this had happened.

9

agreement to ensure that all of the different entities would be covered under the agreement. Attorney Chada also indicated that the court's recitation of the salient factors was his understanding of the settlement agreement and clarified that, if there was a FINRA claim in defendant Beyerlein's favor not related to the subject matter of the instant action, that would be excluded from the release. The court noted that, while all counsel were trying to be careful to protect their clients, it was understood that anything unrelated to the instant action would not be effected by the release. Finally, the court inquired as to counsel for Boenning as to whether the recitation of the terms was their understanding of the agreement and whether there were any additional salient factors they would like to put on the record. Attorney Stoviak indicated that it was his understanding of the terms of the agreement and added that he would include language in the release relating to not only the principals, officers, and shareholders, but also members, and not only subsidiaries, but affiliates. With respect to any FINRA matter, Attorney Stoviak indicated that he would reserve rights to raise any defenses to that claim.

At this point, despite the statements made in Mr. Masi's affidavit, Mr. Masi indicated that he wanted to inquire of the court. The extent of this was as follows:

    THE COURT:    Do you have something?
    MR. LARRY MASI:    All limited partners are included in this?
    MR. PERRUCCI:    All limited partners are included in this. I'll

> discuss this with Mr. Masi off the record, Your Honor.
> THE COURT: Okay. Are there any other questions, comments or concerns from counsel before we adjourn for today?

(Doc. 110, Ex. 1, pp. 7-8). With the exception of a concern raised by Attorney Chada, no other issues were raised and the proceedings were adjourned.

Thus, the record demonstrates that Mr. Masi was neither "silent" nor was he denied "an opportunity to speak by this Honorable Court". In fact, Mr. Masi was given an opportunity to speak by the court when he exhibited a desire to do so. Rather than express any desire to not enter into the settlement agreement placed on the record or to inform the court that his counsel had no authority to enter into such an agreement on his behalf, Mr. Masi simply inquired as whether the agreement would include all limited partners. This type of inquiry does not exhibit a desire not to enter into an agreement, but an attempt to clarify the parameters of the agreement being entered into.

Mr. Perrucci testified that, after the final pre-trial conference, a draft settlement agreement was circulated, as were a number of amendments to the language of the agreement. Mr. Perrucci testified that Mr. Masi was made aware of these of these and never contacted Attorney Perrucci to indicate his dissension with such. Mr. Masi testified that he, in fact, sent Mr. Perrucci an e-mail indicating that Mr. Perrucci had no authority to approve the settlement agreement without his consent; however, no such e-mail was produced to the court.

To the extent that Mr. Masi argues that his prior counsel had no authority to settle this matter, again, his actions belie his claim. Attorney Perrucci testified that, just prior to the pre-trial conference, Mr. Masi had given him unequivocal full authority to settle this matter. Mr. Masi appeared for the settlement conference and actively engaged for four hours in settlement discussions and negotiations with the other parties. Upon completion of these discussions, Mr. Masi was present in court for the placement of the salient terms of the settlement on the record. At no time during the settlement colloquy did Mr. Masi express any dissatisfaction with the settlement or his counsel despite having ample opportunity to do so. Instead, as indicated, the only inquiry by Mr. Masi was whether the settlement agreement would include all limited partners. After the final pre-trial conference, a draft settlement agreement and a number of amendments to the wording of the agreement were exchanged between counsel with Mr. Masi's knowledge. Although Mr. Masi testified that he sent an e-mail objecting to Mr. Perrucci's acquiescence to the terms of the agreement, no such e-mail has been produced to the court. These are not the actions of one who is adamantly opposed to settlement. Thus, the court will grant Boenning's motion to enforce the settlement reached in this case.

As to Boenning's request for sanctions against Mr. Masi and his current counsel, the court has review the arguments with respect to the same and

finds, at this point, sanctions are not warranted. Thus, Boenning's motion will be denied on this basis.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 28, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0961-01.wpd